**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CORNELL MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10-CV-549-TCK-FHM** |
| | ) | |
| **CITY OF TULSA;** | ) | |
| **ERIC HILL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

On August 25, 2010, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), along with a motion to proceed *in forma pauperis* (Dkt. # 2). For the reasons discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* shall be granted. Nonetheless, he shall be required to pay the full $350 filing fee in monthly installments. In addition, the complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**A.  Motion to proceed *in forma pauperis***

Upon review of Plaintiff's motion to proceed *in forma pauperis*, the Court concludes that Plaintiff is without funds in his institutional account sufficient to prepay the full filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion to proceed *in forma pauperis* shall be granted. Pursuant to 28 U.S.C. §1915(b)(1), however, Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Within thirty (30) days of the entry of this Order, Plaintiff shall pay an initial partial filing fee of **$7.31** which represents 20 percent of the greater of the (1) average monthly deposits, or (2)

average monthly balance in Plaintiff's inmate account for the six-month period preceding the filing

of the complaint.  See 28 U.S.C. §1915(b). After payment of the initial partial filing fee, Plaintiff

shall make monthly payments of 20 percent of the preceding month's income credited to his prison

account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Prison

Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350

filing fee even when a case is dismissed before service of the summons and complaint.  See 28

U.S.C. § 1915(b)(1).  Therefore, Plaintiff shall continue to make monthly payments of 20 percent

of the preceding month's income credited to his prison account(s) until he has paid the total filing

fee of $350.  28 U.S.C. § 1915(b)(2).  The trust fund officer or other appropriate prison official at

Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly

payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income

credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be

forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing

fee is paid.  Separate deductions and payments shall be made with respect to each action or appeal

filed by Plaintiff.  All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West

Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's

name and the case number assigned to this action.  The Clerk shall send a copy of this Order to jail

officials at the David L. Moss Criminal Justice Center, Tulsa, OK.

## B.  Complaint shall be dismissed

### 1.  Standard for dismissal

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint

must present factual allegations, assumed to be true, that "raise a right to relief above the speculative

level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain

"enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept

all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe

the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations

in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause

of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v.

Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous

construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden

of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions

characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see

also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." (quotations and citations omitted)). The court "will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory

on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The

Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that

is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a

claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

**2. Plaintiff's complaint fails to state a claim upon which relief may be granted**

In his complaint (Dkt. # 1), Plaintiff alleges that on October 16, 2008, Tulsa Police Officer

Eric Hill[1] initiated a traffic stop of the vehicle he was driving for an illegal left turn and that Officer

Hill proceeded to "plant incriminating evidence on Miller" in the form of a smoking device and

crack cocaine. Plaintiff claims that Officer Hill's conduct resulted in a wrongful arrest.  Plaintiff

acknowledges, however, that he entered a plea of *nolo contendere* to charges of Unlawful Possession

of Controlled Drug (Count 1) and Unlawful Possession of Paraphernalia (Count 2) in Tulsa County

District Court, Case No. CF-2008-5150.  He further states that his direct appeal is presently pending

in the Oklahoma Court of Criminal Appeals ("OCCA"), Case No. F-2010-0642, and that Judge

Sarah Day Smith has referred his allegations concerning the conduct of Officer Hill to the Tulsa

County District Attorney for investigation.  As defendants, Plaintiff names the City of Tulsa and

Officer Hill. In requesting relief, Plaintiff asks as follows:

1.      Miller moves for the Department of Justice's Public Integrity Section to intervene in support of Plaintiff and other selectively injured individuals deprived of their rights, privileges, or immunities secured by the Constitution, and laws of the United States, by Eric Hill, and known and unknown Tulsa police officers working in concert together to deprive one or more person or persons of their constitutional rights pursuant to Rule 24(b)(2)(A)(B), Fed. R. Civ. P. And to certify plaintiff and other similar selective individuals deprived of their rights, privileges, or immunities secured by the constitution and laws of the United States by one Eric Hill, and other known and unknown Tulsa Police officers acting under color of law pursuant to Rule 23(a)(b)(c), Fed. R. Civ. P.

---

[1]Eric Hill's employment as a police officer for the City of Tulsa has been terminated after he admitted to engaging in criminal activity while on duty.  His admissions came during a federal investigation of police corruption in the City of Tulsa. See http://www.tulsaworld.com/news/article.aspx?subjectid=14&articleid=20100820_11_A1_CUTLIN27293&archive=yes.

2.      Miller moves the Court to impose monetary liability and punitive damages under section 1983 against Eric Hill, and for the court to entertain any other corrective relief this court seems [sic] just and equitable.

(Dkt. # 1).

Plaintiff's complaint fails to state a claim and shall be dismissed under 28 U.S.C. § 1915(e)(2)(B).  First, to the extent Plaintiff seeks to recover damages for his alleged wrongful arrest, his claim is legally insufficient.  "[J]udgments rendered upon matters in issue in state criminal proceedings may collaterally preclude their relitigation in a subsequent civil suit brought under 42 U.S.C. § 1983." Franklin v. Thompson, 981 F.2d 1168, 1170 (10th Cir. 1992) (citing Allen v. McCurry, 449 U.S. 90, 103-04 (1980)); see also Lee v. Wyatt, 2009 WL 1741387 (W.D. Okla. Jan. 20, 2009) (unpublished opinion). "In Oklahoma, collateral estoppel is applicable to all issues raised in subsequent civil litigation which were determined by a prior judgment of criminal conviction." Franklin, 981 F.2d at 1170 (citing Lee v. Knight, 771 P.2d 1003, 1006 (Okla. 1989)). A conviction in Oklahoma "establishe[s] the legality of the arrest" of the convicted litigant "and precludes relitigation" of the validity of the arrest in a subsequent 42 U.S.C. § 1983 action. Id.; see also Jackson v. Loftis, 189 Fed.Appx. 775, 779-80, 2006 WL 2053822 (10th Cir. July 25, 2006) (unpublished opinion) (finding that plaintiff's conviction in Oklahoma based on *nolo contendere* plea barred his 42 U.S.C. § 1983 challenge to the existence of probable cause for, and hence the validity of, his arrest on charges he admitted were valid); Gouskos v. Griffith, 122 Fed.Appx. 968, 972, 2005 WL 375858 (10th Cir. Feb.17, 2005) (unpublished opinion) (stating in dicta that "if the false-arrest plaintiff is convicted in the criminal trial for the acts for which he was arrested, probable cause for his arrest is conclusively established and precludes a subsequent civil action for false arrest").

The Court further notes that in this case, Plaintiff claims that his arrest was unlawful because Defendant Hill planted the evidence used to support the charges against him.  Those allegations necessarily imply the invalidity of Plaintiff's convictions and cannot provide the basis for a 42 U.S.C. § 1983 civil rights action unless those convictions have been set aside, either by the state courts or by a federal court on habeas corpus review. Heck v. Humphrey, 512 U.S. 477, 484 (1994) (analyzing § 1983 plaintiff's claim for damages based on wrongful arrest and imprisonment under the common law elements of malicious prosecution); Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 558 (10th Cir. 1999).  Plaintiff's convictions have not been invalidated. Therefore, his request for relief under 42 U.S.C. § 1983 fails to state a claim upon which relief may be granted and shall be dismissed without prejudice.

Next, to the extent Plaintiff requests the Court to certify a class for purposes of Fed. R. Civ. P. 23(a), see Dkt. # 1, Plaintiff is advised that he may not proceed on behalf of other inmates. A person may plead and conduct his own case personally or through counsel. 28 U.S.C. § 1658; Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").  "This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" Fymbo, 213 F.3d at 1321 (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)). A party who is not a lawyer is not an adequate class representative under Fed. R. Civ. P. 23(a)(4); indeed it is plain error to permit a *pro se* prisoner to represent fellow inmates in a class action.  See Fymbo, 213 F.3d at 1320-21; Oxendine, 509 F.2d at 1407.  Therefore, Plaintiff will not be allowed to represent the interests of other inmates.

Lastly, Plaintiff requests that the Court permit intervention of a government agency pursuant to Fed. R. Civ. P. 24(b)(2). However, Plaintiff states that the Hon. Sarah Day Smith, District Judge for Tulsa County, has referred his case to the Tulsa County District Attorney's Office for investigation. See Dkt. # 1 at 4. Thus, even if Fed. R. Civ. P. 24(b)(2) could be construed to be applicable to this case, it appears that a state agency is involved in investigating his allegations. Therefore, the Court finds his request for relief as asserted in this civil rights action to be unnecessary.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.  Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2) is **granted**. Plaintiff is responsible for payment of the **$350** filing fee in monthly installments. Plaintiff shall make an initial partial payment of **$7.31**.

2.  After submitting the initial partial payment, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s). Prison officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the address cited herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

3.  The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

4.  The Clerk shall send a copy of this Opinion and Order to jail officials at David L. Moss Criminal Justice Center, Tulsa, OK.

DATED THIS 13th day of September, 2010.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE

7